# John A. Robb and Isaac S. Brinkerhoff v. Village of La Grange, John Farley and John Green.

1. Injunctions—*Drainage and Sewerage.*—A bill for an injunction, the object of which is to prevent a municipality from carrying out a system of drainage or sewerage, upon the ground that it will create a nuisance on the lands of the person filing the bill, is one which should not be entertained by a court of chancery.

2. Eminent Domain—*Private Property Damaged for Public Use.*— Private property is not to be taken or damaged for public use without compensation, but where a public use requires, it may be damaged, and the compensation made when the damage is ascertained.

**Memorandum.**—Bill for injunction. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

Appellants' Brief, Reed, Brown & Allen, Attorneys.

No person, or corporation, or assemblage of persons, can, by any lapse of time, be vested with the right of increasing and continuing a nuisance, dangerous to health, injurious to property and detrimental to the pleasure of existence. Wood on Nuisances, Sec. 428; Duke of Buccleugh v. Cowan, 5 Macp. (S. C.) 214; Holsman v. Boiling Springs Co., 14 N. J. E. 335; Board of Health v. Lederer (N. J. Ch.), 29 Atl. Rep. 444; Fertilizing Co. v. Hyde Park, 97 U. S. 668; Railroad Co. v. Loeb, 118 Ill. 203; Cross v. Mayor, 18 N. J. E. 305.

When conditions are imposed upon a public body for the public benefit, it is not an excuse for a breach of such conditions that their observance is not necessary for the protection of the public. If a local board makes an outfall beyond their district, and thereby pours noxious matter into a stream, they can not excuse themselves on the ground that no damage is caused thereby. Where acts of Parliament empowered a water-works company to take water from a stream, and gave them certain rights against mill owners on the stream with respect to the quantity of water to be

taken, but saved all other rights, the company was held to have no power to foul the water so as to interfere with the rights of mill owners, and an injunction was granted to restrain the pollution.   Goldsmid v. Tunbridge Wells, L. R., 1 Eq. 161; Attorney General v. Richmond, L. R., 2 Eq. 306; Attorney General v. Colney Hatch Asylum, L. R., 4 Ch. Ap. 146; Attorney General v. Leeds, L. R., 5 Ch. Ap. 583; Holt v. Rochdale, L. R., 10 Eq. 354; Attorney General v. Cockermouth Board, L. R., 18 Eq. 172; Attorney General v. Hackney Board, L. R., 20 Eq. 626; Metropolitan Board v. London Ry. Co., 17 Ch. D. 246; Attorney General v. Acton Board, 22 Ch. D. 211; Attorney General v. Luton Local Board, 2 Jur. N. S. 180; Bidder v. Croydon Board, 6 L. T. N. S. 778; Attorney General v. Kingston, 34 L. J. Ch. 481; Attorney General v. Halifax, 39 L. J. Eq. 129; North Staffordshire Ry. Co. v. Tunstall Local Board, Id. 131; Attorney General v. Basingstoke, 45 L. J. Ch. 726; Oldaker v. Hunt, 6 De Gex, M. & G., 376; 19 Beav. 485; Manchester v. Workshop Board, 23 Beav. 198; Attorney General v. Birmingham, 4 K. & J. 528; Attorney General v. Public Board, 1 H. & M. 298; Belknap v. Belknap, 2 Johns. Ch. 463; Woodruff v. Fisher, 17 Barb. 224; Haskell v. New Bedford, 108 Mass. 208; Boston Rolling Mills v. Cambridge, 117 Mass. 396; Morse v. Worcester, 139 Mass. 389; 2 N. E. Rep. 694 and note; Columbus v. Woolen Mills Co., 33 Ind. 435; State v. Bergen Freeholders, 46 N. J. Eq. 173; Topeka W. S. Co. v. Potwin Place, 43 Kan. 404; Hutchinson v. Delano (Kan.), 26 Pac. 740.

Trespass also lies.   Beach v. Elmira, 11 N. Y. S. 913.

### Appellees' Brief, Wm. R. Burleigh, Attorney.

Appellees contended: that such use was sufficient to pollute the stream beyond the possibility of domestic use is beyond question; and that such use continued openly, continuously and adversely for twenty years confers a prescriptive right, is amply established by the following authorities :   Crossley & Son v. Lightowler, 3 Eq. 279; Vail v. Mix, 74 Ill. 127; McKenzie v. Elliot, 134 Ill. 160; Totel v. Bonnifoy, 123 Ill. 653; Merrifield v. Worcester, 110 Mass. 216.

And also that the complainants have an adequate remedy at law. Story, Eq. Jur., Sec. 925; Atty. Gen. v. Nichol, 16 Ves. Jr. 342; Zabriskie v. Jersey City Railway, 13 N. J. Eq. 314; Valentine v. Webb, 84 Mich. 38; Dana v. Valentine, 46 Mass. 8; R. R. Co. v. Loeb, 118 Ill. 203; Atty. Gen. v. Stewart & Taylor, 20 N. J. Eq. 416.

Where the effect of the injunction prayed for will be to destroy large and valuable business, or delay or restrain necessary improvements, the injunction should not be granted unless it is most clearly shown that the legal remedy is entirely inadequate. Gould on Waters, Sec. 220; New Boston v. The Pottsville Coal Co., 54 Pa. St. 164; Sanderson v. Coal Co., 86 Pa. St. 401; 112 Pa. St. 370; 113 Pa. St. 126; Morgan v. Binghamton, 102 N. Y. 500.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a bill filed by the appellants, the object of which is to prevent the village from carrying out a system of drainage or sewerage which, it is alleged, will create a nuisance upon the lands of Robb, occupied by the other appellant as tenant of Robb.

The application to courts of chancery to take under their charge the matters of police of the city and the adjacent country, all increasing in population with unexampled rapidity, and in so doing to solve all the engineering problems pressing upon that population, are frequent; but doubtful of their own superior wisdom in relation to subjects which they have not made a special study, and in regard to which they have not had much experience, such courts are, and should be, slow to assume the responsibility.

In addition to all that this record of six hundred and odd pages contains, the judge hearing the case, at the request of the parties, viewed " the landscape o'er."

The bill was dismissed " for want of equity, with prejudice for and during the period of five years next hereafter, and without prejudice thereafter, and without prejudice at any time to the right of the complainant to bring an action at law."

That is a singular but inoffensive decree. Had nothing

been said about prejudice, the dismissal would have been a perpetual bar to another bill upon facts substantially the same as those existing when this bill was filed, and by what is said, that bar—after five years—and all doubt as to the right to sue at law, are removed.

Private property may not be taken or damaged for public use without compensation, but where a public use requires, it may be damaged, and the compensation made when the damage is ascertained. Stetson v. Chi. & Ev. R. R., 75 Ill. 74.

It may be that after all is done that the village wishes to do, a jury will make the village pay for the farm; in which case Robb will have compensation and the farm too.

This is not a case in which a court of chancery ought to interfere by injunction, and the decree is affirmed.